ELIZABETH McFARLAND *et al.*
*v.*
EMILY J. CONLEE *et al.*

1. TRUST AND TRUSTEES — *resulting trust.* A *cestui que trust* has no preferable equity above any others in premises purchased by a trustee, where it appears that no part of the trust funds were invested in such purchase.

2. SAME. A invested trust funds in the purchase of certain premises, but only acquired an equitable title thereto, and afterward his widow, with her own funds, acquired the legal title to the same, and exchanged them for other premises. *Held*, in a suit brought by the *cestui que trust*, to subject these premises to the payment of her claim, that the equities of the parties were equal. That the one holding the legal title could pay off the claim of the other, which, if she refused to do, and the premises were not susceptible of division, they should be sold, and the party holding the legal title be first satisfied.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. J. M. Durham, for the plaintiffs in error.

Messrs. Hay & Hosmer, for the defendants in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was a bill in chancery in the Washington Circuit Court, exhibited by Emily J. Conlee, and Andrew J. Conlee, her husband, against Elizabeth McFarland and William McFarland, her husband, to subject certain real estate in the town of Richview, in that county, held in the name of William McFarland, to the claim of complainants, on the allegation that the same was purchased and improved in part with moneys belonging to the complainant, which defendant Elizabeth's first husband, Gilbert S. Hinds, while guardian of complainant Emily, invested in such real estate.

The defendants answered, denying the most material allegations of the bill, and, on replication filed and proofs taken, the court granted the prayer of the bill, and found $316 had been received by Gilbert S. Hinds, while guardian of complainant Emily, and declared, if the same was not paid in ninety days, the premises should be sold at public vendue, to raise the money.

The cause is brought here by writ of error, and various errors are assigned.

In the first place, it nowhere appears from the decree, that this money received by Hinds was invested by Hinds in these premises, and, if not, the complainant Emily had no equitable rights therein. The decree shows simply, that Hinds, as her guardian, had received of complainant's money the amount found due, which is far from sufficient to clothe her with a preferable equity, to the exclusion of all others, in the premises in question. The testimony goes to show most clearly, that, although Hinds in his life-time contracted for these premises, or for other premises for which these were received in exchange, and erected a dwelling house thereon before his death, yet he had made no payment on the lots, and his widow, now Elizabeth McFarland, paid the purchase money therefor out of her

own funds, and took the deed therefor in her own name, he, Hinds, having only a title bond for the premises, which had become forfeited, and Lowe, the holder, was offering to sell the lots to any one who would pay the purchase money, being $200, which was paid by his widow, who afterward intermarried with William McFarland, having before that exchanged the premises bought of Lowe with one Shepley, for other premises which this bill seeks to subject to the payment of this claim, and which complainant had conveyed by a proper deed to her husband, William McFarland, on the 14th of August, 1865.

But, admitting this money was invested by Hinds in these premises, it is very apparent from the testimony the money of defendant Elizabeth was also, and she has the legal title. Her equity is equal to that of complainant, and she has the legal title; therefore, it seems just that defendants should have the preference, and right to relieve the premises from this claim of complainants by paying the amount due to Emily. Should defendants decline so to do, then, if the property is not susceptible of division, it should be ordered to be sold, and the money advanced by defendant Elizabeth, to procure the legal title, with interest, be first paid to her. The claim of defendant Emily should then be paid with interest, and the overplus, if any, paid over to Elizabeth McFarland, the defendant. A reference ought to be had to the master, to ascertain the amount of interest due on each claim, stating that of Elizabeth McFarland at $200 as paid to Lowe, and when paid receive proof, as the record fails to show it. The claim of defendant Emily will be stated at $316, and interest computed from the date of the decree.

The finding of the court of the amount due Emily was doubtless based on the testimony of Fingal Hinds, the brother of Gilbert Hinds, the guardian, and we have become much impressed by that testimony. He states, his brother told him in his sickness, and when he did not expect to live, that there was about $300 of Emily's money invested in the house in which he was then living. He said, as soon as he got well he would

have another guardian appointed and pay the money over to him; he claimed nothing for the support of Emily, but said she should have every dollar with interest.

The decree of the Circuit Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*